## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| KEN EASTERLING, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-3403-L-BH |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION, | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By order of reference dated February 9, 2017 (doc. 5), before the court for recommendation are the defendant's "*Motion to Dismiss and Motion for Summary Judgment*," filed May 29, 2018 (doc. 17), and "*Motion to Strike and Objections to Plaintiff's Affidavit of Thomas H. Hargreaves*," filed July 3, 2018 (doc. 24), and the plaintiff's "*Amended Motion to Correct*," filed September 31, 2018 (doc. 31). Based on the relevant filings and applicable law, the defendant's motion to strike is **DENIED**, its motions to dismiss and for summary judgment should be **GRANTED**, and the plaintiff's motion should be **DENIED**.

### I.  BACKGROUND

This case involves the attempted foreclosure of real property located at 1233 High Bluff Drive, Desoto, Texas 75115 (the Property).[1] (doc. 1-1 at 6.)[2] On August 4, 2003, Ken Easterling (Plaintiff) executed a Note (Note) in favor of Military Mortgage, a DBA of American Investment

---

[1] The Property is also identified as:

BEING LOT 10, BLOCK A OF CHURCHILL ESTATES, PHASE I, AN ADDITION TO THE CITY OF DESOTO, DALLAS COUNTY, TEXAS, ACCORDING TO THE MAP THEREOF RECORDED IN VOLUME 2001088, PAGE 86 OF THE MAP RECORDS OF DALLAS COUNTY, TEXAS.

(doc. 18-1 at 11.)

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(Military Mortgage), for a loan in the principal amount of $240,000.00. (doc. 18-1 at 6-7.) He also executed a Deed of Trust (Deed of Trust) that granted a security interest in the Property to Military Mortgage to secure repayment under the Note. (*Id.* at 9-28.) Under the terms of the Note and the Deed of Trust, Plaintiff would be in default if he failed to timely pay the full amount of each required monthly payment and subject to acceleration of the loan and foreclosure proceedings on the Property. (*Id.* at 6, 12.) On August 8, 2013, Military Mortgage executed an Assignment of Deed of Trust to CMS Mortgage Group, Inc. (CMS Mortgage), which executed an Assignment of Deed of Trust to MVB Mortgage Corporation (MVB Mortgage) on September 10, 2003. (*Id.* at 30-33.) On September 2, 2005, MVB Mortgage Corporation executed an Assignment of Deed of Trust to Mortgage Electronic Registration Systems, Inc. (MERS). (*Id.* at 34-35.)

Beginning June 1, 2011, Plaintiff failed to submit the required monthly payments under the Note and the Deed of Trust and was held in default by MERS. (doc. 18-1 at 3.) On August 5, 2011, Defendant, as the mortgage servicer of MERS, provided him with written notice of the default on the Note, an opportunity to cure the default, and notice that it intended to accelerate the Note and declare all outstanding principal and accrued unpaid interest to be immediately due and payable if he failed to cure the default (Notice of Default). (*Id.* at 39-42.) On October 21, 2011, MERS executed an Assignment of Deed of Trust to Defendant. (*Id.* at 36-37.) On December 6, 2011, Defendant's foreclosure counsel provided Plaintiff with a notice of acceleration, which noted its decision to accelerate all amounts due and owing under the Note (Notice of Acceleration). (*Id.* at 44-56.) Plaintiff was also provided with notice that the foreclosure sale of the Property was scheduled for January 3, 2012. (*Id.* at 45.)

On September 1, 2016, Plaintiff sued Defendant in Texas state court, alleging debt collection

violations and seeking declaratory relief and a temporary restraining order to enjoin the foreclosure sale of the Property. (doc. 1-1 at 10).  The next day, the state court entered a temporary restraining order enjoining the foreclosure sale of the Property. (*Id.* at 14-15.)

On November 10, 2016, Defendant filed its answer and asserted a counterclaim for breach of contract. (doc. 1-1 at 16-22.)  It alleged that it "is the holder and owner of the Note, the assignee of rights under the Deed of Trust, and the mortgage servicer of [the Note and the Deed of Trust], as the term mortgage servicer is defined by Tex. Prop. Code § 51.001." (*Id.* at 18.)  It also claimed that as of June 1, 2011, Plaintiff had failed to tender payments as contractually agreed to under the Note and the Deed of Trust. (*Id.* at 19.)  It sought judgment declaring that it "may proceed with a foreclosure sale under the terms of the security instrument, Tex. Prop. Code §51.002 and applicable law with request to the secured Property." (*Id.* at 20.)  Defendant also sought to recover its costs and attorneys' fees as permitted "under the terms of the Loan Agreement and Tex. Civ. Prac. & Rem. Code §§ 37.009 and 38.001(8)." (*Id.*)  On December 9, 2016, Defendant removed this action to federal court asserting diversity jurisdiction under 28 U.S.C. § 1332. (doc. 1 at 3-4.)

On May 29, 2018, Defendant moved to dismiss Plaintiff's claim and for summary judgment on its counterclaim. (docs. 17, 18.)  On June 4, 2018, Plaintiff filed the "*Affidavit of Thomas W. Hargreaves*" in response to Defendant's motion. (doc. 20.)  On July 3, 2018, Defendant filed a motion to strike the affidavit. (doc. 24.)  On September 4, 2018, Plaintiff moved to dismiss Defendant's counterclaim for foreclosure. (doc. 31.)  With timely filed responses, the motions are ripe for determination.

## II.  DEFENDANT'S MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's complaint under Fed. R. Civ. P. 8 "because it fails

to satisfy the requirements of Rule 8." (doc. 18 at 9.)

## A.    __Rule 8__

Under Rule 8(a)(2), "[a] pleading that states a claim for relief . . . must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) specifies the conditions of the *formal* adequacy of a pleading. It does not specify the conditions of its *substantive* adequacy, that is, its legal merit." *Bank of Abbeville & Tr. Co v. Commonwealth Land Title Ins. Co*, 201 F. App'x 988, 990 (5th Cir. 2006) (quoting *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) (emphases added)).  For that reason, a complaint can satisfy Rule 8's formal pleading requirements even if "dismissal [is] nevertheless proper because the plaintiff 'would not be entitled to relief under any set of facts or any possible theory that it could prove consistent with the complaint's allegations.'" *Body by Cook, Incorporated v. State Farm Mutual Automobile Insurance*, 869 F.3d 381, 385–86 (5th Cir. 2017) (quoting *Bank of Abbeville*, 201 F. App'x at 990).

Plaintiff's complaint asserts a claim for violations of Texas's debt collection statutes as well as a judicial declaration regarding the Property and the debt he allegedly owes to Defendant. (doc. 1-1 at 10.)  Despite not identifying the statutory provisions underlying his debt collection violation claims, his allegations provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).  To the extent that Defendant seeks dismissal solely under Rule 8, its motion should be denied.

## B.    __Rule 12(c)__

Although Defendant only cites Rule 8 as the procedural basis for its motion to dismiss, it cites *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007), and argues that "[t]o avoid judgment on

4

the pleadings or dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face'." (*Id.* at 9.)  Because it cites the *Twombly* standard for dismissal under Rule 12(b)(6), Defendant appears to also seek dismissal under that rule.

Any motion filed under Rule 12(b) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. Proc. 12(b). "'[M]otions to dismiss filed after responsive pleading are rarely dismissed as improper,' however." *Moore v. Payson Petroleum Grayson, LLC*, No. 3:17-CV-1436-M-BH, 2018 WL 793800, at *3 (N.D.Tex. Jan. 22, 2018) (*quoting Reeves v. Wells Fargo Bank, N.A.*, No. EP-13-CV-318-DCG, 2014 WL 12492038, at *3 (W.D. Tex. Apr. 14, 2014)) "Courts will either treat the motion as if it were timely filed, or alternatively, construe such a motion to be a Rule 12(c) motion for judgment on the pleadings." *Id.* Where, as here, the defendant has not previously included failure to state a claim for which relief may be granted as a defense in its state court answer to the original petition, "thereby giving notice" of the defense, the motion may be considered as if asserted under Rule 12(c). *Id.*

Federal Rule of Civil Procedure 12(c) provides a means "to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002) (citation omitted). The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See id.* at 313 n.8 (same standard applied to Rule 12(c) motion as to Rule 12(b)(6) motion); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir.2007). As with a Rule 12(b)(6) motion, the question under Rule 12(c) is whether the plaintiff is entitled to offer evidence to support his claim, not whether he will ultimately prevail on the merits. *Great Plains Trust*, 313 F.3d at 313.

5

Unlike a motion under Rule 12(b)(6), however, a party may file a motion under Rule 12(c) "[a]fter the pleadings are closed—but early enough not to delay trial." Fed.R.Civ.P. 12(c).  Defendant's motion is therefore construed as arising under Rule 12(c).

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  Regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

If well-pleaded facts are asserted in the complaint, the court must accept those facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recover is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted).  Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555*; accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state

6

a claim to relief that is plausible on its face." *Id.* at 570.  When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id.*; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196.  When a party presents "matters outside the pleadings," a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007).  "If . . . matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).  Nevertheless, "pleadings" for purposes of a motion to dismiss include attachments to the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).  Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). Accordingly, documents falling in these categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Here, Defendant attaches to its motion to dismiss copies of the Note, the Deed of Trust, the Assignments of Deed of Trust (Assignments), the Notice of Default, and the Notice of Acceleration. (doc. 18-1 at 5-56.)  Because all of these documents are either referenced in Plaintiff's petition or are central to his general theory of the case, they are considered part of the pleadings. *See Collins*,

224 F.3d at 498.  Conversion of Defendant's motion to dismiss into a summary judgment motion is therefore unnecessary.

1.    *Texas Debt Collection Practices Act*

Defendant contends that dismissal of Plaintiff's debt collection violation claims is appropriate because he fails to identify the specific sections of the Texas Debt Collection Practices Act (TDCPA) that it allegedly violated. (doc. 18 at 9.)

"The TDCPA prohibits debt collectors from using various forms of threatening, coercive, harassing or abusive conduct to collect debts from consumers." *Merryman v. JP Morgan Chase & Co.*, No. 3:12–CV–2156, 2012 WL 5409735, at *4 (N.D. Tex. Oct. 12, 2012).  The elements of a TDCPA claim are: (1) the debt is a consumer debt; (2) the defendant is a debt collector, as defined under the TDCPA; (3) the defendant committed a wrongful act in violation of the TDCPA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act. TEX. FIN. CODE §§ 392.001-.404.  The TDCPA defines a "debt collector," in relevant part, as "a person who directly or indirectly engages in debt collection." *Id*. § 392.001(6). "Debt collection" is defined as "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." *Id*. § 392.001(5).  This can include "actions taken in foreclosing real property." *See Sanghera v. Wells Fargo Bank, N.A.*, No. 3:10–CV–2414–B, 2012 WL 555155, at *7 (N.D. Tex. Feb. 21, 2012) (citation omitted); *Swim v. Bank of America*, No. 3:11–CV–1240–M, 2012 WL 170758, at * 5 (N.D. Tex. Jan. 20, 2012).

Here, Plaintiff alleges that Defendant "violat[ed] the Texas debt collection statutes by proceeding with collection activities before substantially validating the debt it seeks to collect, proving its claim to the debt it seeks to collect, and establishing the amount of its claim to alleged

debt through production of a sworn accounting." (doc. 1-1 at 10.)  He fails to point to specific sections of the TDCPA, or any other "Texas debt collection statute," that Defendant allegedly violated, however.  This failure alone warrants dismissal of his TDCPA claim. *See Luna v. Bank of America, N.A.*, No. 3:15-CV-475-L-BH, 2015 WL 11120875, at *8 (N.D. Tex. Nov. 9, 2015), *adopted by* 2016 WL 158128 (N.D. Tex. Jan. 12, 2016) (dismissing a TCDPA claim for failure to state a claim when the plaintiff failed to identify a specific provision that the defendant allegedly violated); *Wilson v. Wells Fargo Bank, N.A.*, No. 3:13-CV-2257-O, 2014 WL 815352, at *7 (N.D. Tex. Mar. 3, 2014) (finding dismissal of the plaintiff's TDCPA claim was warranted where he did not identify the specific provisions of §§ 392.303(a) or 392.304(a) or a particular "prohibited practice" that the defendant allegedly violated); *Holley v. Bank of America Nat'l Ass'n*, No. 3:10-CV-2261-B,  2011 WL 1303252 at *2 (N.D. Tex. Apr. 4, 2011) (dismissing claim for violations of TDCPA where the plaintiff failed to identify specific acts or practices that were prohibited by statute).

Moreover, Defendant's alleged acts or omissions do not violate the TDCPA.  There is no violation of the TDCPA if a debt collector fails to validate the existence of a debt, to prove its ownership of a debt, or to confirm the amount of a debt, before engaging in its collection activities. *Schanzle v. JPMC Specialty Mortg. LLC*, 03-09-00639-CV, 2011 WL 832170, at *3 (Tex. App.—Austin Mar. 11, 2011, no pet.) (mem. op.) (noting that a debt collector's failure to verify and validate a debt does not amount to a violation of the TDCPA), *abrogated on other grounds by Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542 (Tex. 2016).

Plaintiff's petition wholly fails to allege that Defendant is a debt collector who committed a wrongful act against him that caused him injury. *See Cole v. Fed. Home Loan Mortgage Corp.*,

9

No. 3:11- CV-1833-M-BK, 2012 WL 555194, at *4 (N.D. Tex. Jan. 23, 2012) (dismissing the plaintiff's TDCPA claim for failure to state a claim because the complaint "merely contain[ed] a single conclusory allegation, and thus plainly [could not] survive Defendants' Motion to Dismiss"). In the absence of any facts that, taken as true, could support a claim under the TDCPA, Plaintiff cannot be said to have provided Defendant with fair notice of a TDCPA claim. *See, e.g., Bagley v. PennyMac Corp.*, No. 3:16-CV-0420-N (BF), 2016 WL 7190758, at *5 (N.D. Tex. Oct. 19, 2016), *recommendation adopted by* 2016 WL 7178999 (N.D. Tex. Dec. 9, 2016) (dismissing TDCPA claim when the plaintiff only alleged that "the acts, omissions and conduct by the Defendants constitute violations of the Texas Debt Collection Practices Act"); *Puente v. CitiMortgage, Inc.*, No. 3:11-CV-2509-N, 2012 WL 4335997, at *6 (N.D. Tex. Aug. 29, 2012) (dismissing TDCPA claim where the plaintiffs neither pointed to specific provisions that the defendant allegedly violated, nor supplied sufficient facts to state a plausible claim for relief); *Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-CV-1174-M, 2011 WL 248445 at *3 (N.D. Tex. Jan. 26, 2011) ("Merely stating Defendant violated the [TDCPA], without more factual allegations, is a legal conclusion couched as a factual assertion, which does not survive a motion to dismiss under the federal rules and applicable law."). Defendant's motion to dismiss Plaintiff's debt collection violations claim should be granted.[3]

### 2.    *Declaratory Relief*

Defendant next seeks to dismiss Plaintiff's request for declaratory relief on grounds that he failed to state a viable claim for relief. (doc. 18 at 9.)

---

[3] Defendant alternatively seeks to dismiss Plaintiff's TDCPA claims as being barred under the economic loss doctrine. (doc. 18 at 10-11.) Because these claims are otherwise subject to dismissal for failure to state a claim, it is unnecessary to reach this argument.

When a declaratory judgment action is filed in state court and is subsequently removed to federal court, "it is converted to one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." *Bell v. Bank of America Home Loan Servicing LP*, No. 4:11-CV-02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012). The Declaratory Judgment Act (Act) allows a federal court to declare the rights and legal relations of any interested party. 28 U.S.C. § 2201. Because the Act does not create a substantive cause of action, the plaintiff's ability to obtain declaratory relief depends on the "adjudication of an actual controversy arising under other substantive law." *Metropcs Wireless*, 2009 WL 3075205, at *19. Accordingly, a declaratory judgment is unavailable where there is no viable claim for relief. *Franklin v. BAC Home Loans Servicing, LP*, No. 3:10-CV-1174-M, 2012 WL 2679496, at *12 (N.D. Tex. June 6, 2012), *recommendation adopted*, 3:10-CV-1174-M, 2012 WL 2688809 (N.D. Tex. July 5, 2012) (citation omitted); *see also Bell*, 2012 WL 568755, at *8 (explaining that the availability of a declaratory judgment depends upon the existence of a judicially remediable right).

Here, Plaintiff seeks a declaration "regarding the rights, duties, interests, claims, and amount of claims pertaining to the alleged debt which Defendant is seeking to satisfy through the taking of Plaintiff's property." (doc. 1-1 at 10.) His request is based upon an alleged "controversy exist[ing] between the parties as to the right of Defendant to proceed with foreclosure." (*Id.*) As noted, Plaintiff has failed to state a claim of statutory debt collection violations by Defendant. *See Turner v. AmericaHomeKey, Inc.*, No. 3:11-CV-0860-D, 2011 WL 3606688, at *6-7 (N.D. Tex. Aug. 16, 2011), *aff'd by* 2013 WL 657772 (5th Cir. Feb. 22, 2013) (declining to entertain the plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim). He has not plead sufficient facts to show a present controversy. *See Bell*, 2012 WL 568755, at *8 (denying

the plaintiff's request for declaratory judgment where she had alleged no facts leading to a conclusion that a present controversy existed between her and the defendant).  The motion to dismiss Plaintiff's request for a declaratory relief should be granted.

## C.   <u>Opportunity to Amend</u>

Notwithstanding a plaintiff's failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314 at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600 at *2 (N.D. Tex. Feb. 13, 2001).  Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870 at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600 at *2.  Courts, nonetheless, may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), or if it finds that the plaintiff has alleged his or her best case, *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff has not amended his complaint since filing this action, and it does not appear that he has pled his best case.  To the extent Plaintiff believes his debt collection violations claim remains viable, he should be accorded an opportunity to amend his complaint to sufficiently state a claim for relief.[4]

---

[4]  Because Plaintiff's claim of debt collection violations is distinct from Defendant's breach of contract counterclaim and its request for judicial foreclosure, Plaintiff's opportunity to amend his complaint is appropriate notwithstanding the outcome of Defendant's summary judgment motion.

### III. PLAINTIFF'S MOTION TO DISMISS

Plaintiff moves to dismiss Defendant's counterclaim and request for non-judicial foreclosure on grounds that non-judicial foreclosure laws are unconstitutional under the Fourth, Fifth, and Seventh Amendments of the United States Constitution, and Defendant's foreclosure attempt violates his due process rights. (doc. 31 at 1.) He also contends that securitized mortgages are illegal and violate the laws involving the Racketeer Influenced and Corrupt Organizations Act (RICO), usury, fraud, conspiracy, forgery, robo-signing, and antitrust. (*Id.* at 2.)[5]

Although Plaintiff also fails to specify the procedural basis of his motion to dismiss Defendant's counterclaims, it will be liberally construed as also arising under Rule 12(c) for the same reason as Defendant's motion. *See also Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1083 n.19 (5th Cir. 1997) (construing a motion to dismiss a counterclaim as proceeding under Rule 12(b)(6) even though the moving party did not expressly cite the rule as its basis for dismissal).

### A.    <u>Constitutionality</u>

Plaintiff first contends that no state can establish non-judicial foreclosure laws because they would negate the unalienable rights protected by the Fourth Amendment to be secure from property seizures, the Fifth Amendment to due process, and the Seventh Amendment to trial by jury.[6] (doc. 31 at 1.)

The constitutionality of Texas's foreclosure statutes has been considered and affirmed by the Fifth Circuit. *Barrera v. Sec. Bldg. & Inv. Corp.*, 519 F.2d 1166, 1172 (5th Cir. 1975) (construing

---

[5] In questioning the constitutionality of federal and state statutes in his motion to dismiss, Plaintiff is required to file and serve a notice of constitutional question on both the Attorney General of the United States and the Attorney General of Texas. Fed. R. Civ. P 5.1 (a). Nevertheless, "[a] party's failure to file and serve the notice, or the court's failure to certify, does not forfeit a constitutional claim or defense that is otherwise timely asserted." *Id.* at (d).

[6] Plaintiff's claims of State action raise a constitutional challenge under the Fourteenth Amendment as well.

prior version of the statute) ("In Texas, non-judicial foreclosure under a power of sale in a deed of trust has been used and recognized for over one hundred years."). As explained by the Supreme Court,

> There is nothing in the law of mortgages, nor in the law that covers what are sometime designated as trust deeds in the nature of mortgages, which prevents the conferring by the grantor or mortgagor in such instrument of the power to sell the premises described therein upon default in payment of the debt secured by it, and, if the sale is conducted in accordance with the terms of the power, the title to the premises granted by way of security passes to the purchaser upon its consummation by a conveyance.

*Bell Mining Co. v. Butte Bank*, 156 U.S. 470, 477 (1895). What is more, the Supreme Court has also held that "the validity of such a contractual power of sale is unquestionable." *Scott v. Paisley*, 271 U.S. 632, 635 (1926).

When considering whether foreclosure procedures implicate the Fourteenth Amendment, courts must determine whether "there is a sufficiently close nexus between the state and the challenged action . . . so that the action may be fairly treated as that of the State itself." *Barrera*, 519 F.2d at 1169 (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). A constitutional claim arises only where there is at least some direct state involvement in the execution of the foreclosure or seizure. *See Fuentes v. Shevin*, 407 U.S. 67, 70-71 (1972). Nevertheless, "no state action is involved when the state merely opens its tribunals to private litigants." *Id.* at 1200. "Virtually all formal private arrangements assume, at some point, the supportive role of the state. To hold that the state, by recognizing the legal effect of those arrangements, converts them into state acts for constitutional purposes would effectively erase to a significant extent the constitutional line between private and state action and subject to judicial scrutiny under the Fourteenth Amendment virtually all private arrangements that purport to have binding legal effect." *Barrera*, 519 F.2d at

14

1170; *see also Earnest v. Lowentritt*, 690 F.2d 1198, 1202 (5th Cir. 1982) ("Any other conclusion would transform every foreclosure action between private parties into state action of constitutional dimensions.").

Here, Plaintiff generally claims that the non-judicial foreclosure statutes of Texas are constitutionally invalid because they "would negate the unalienable rights of the people." (doc. 31 at 1.) Because the Fifth Circuit has upheld these laws as constitutional, Plaintiff's motion to dismiss on this ground should be denied. *See Barrera*, 519 F.2d at 1171 ("[T]he Texas legislative scheme concerning non-judicial foreclosure does not amount to state action that deprives the debtor of his interest in property.").

## B.    State Action

Plaintiff next argues that dismissal is warranted because Defendant (1) failed to file an Affidavit of Default, (2) assumed fiduciary authority without filing Federal Form 56, and (3) acted on a claim without filing Federal Form 4490. (doc. 31 at 1.)  He cites no legal authority for dismissing a claim based on the failure to file these documents or forms in a foreclosure action.

To the extent Plaintiff challenges the constitutionality of non-judicial foreclosure as pursued by Defendant, that argument also fails.  As noted, non-judicial foreclosures do not violate a mortgagor's right to due process where the entity foreclosing is not a state actor. *Barrera*, 519 F.2d at 1169-74 (holding that nonjudicial foreclosures by private parties do not deprive  individuals of their property in violation of the Fourteenth Amendment); *Williams v. Cheyenne Crossing Residential Ass'n, Inc.*, 2010 WL 5287509, at *2 (E.D. Tex. 2010) (collecting Fifth Circuit and Texas authorities); *see also, e.g., Ramsey v. Neindorff*, 177 F.3d 977 (explaining that *Barrera's* holding applies with equal force under section 51.002 of the Texas Property Code); *Coleman v.*

15

*JPMorgan Chase Bank, N.A.*, 2007 WL 656170, at *1 (S.D. Tex. 2007) (dismissing plaintiff's Fifth and Fourteenth Amendment due process claims under *Barrera*).  Plaintiff has not alleged that Defendant is a state actor, and he fails to show that non-judicial foreclosure, as pursued by Defendant, is unconstitutional.

**C.**   **Federal Action**

Citing the Fourth, Fifth, and Seventh Amendments, Plaintiff argues that an order of foreclosure by this court is unconstitutional. (doc. 31 at 1.)

To the extent Plaintiff argues that dismissal is warranted because Defendant's request for judicial foreclosure is unconstitutional, that argument also lacks merit.   Under the Fourth Amendment, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. CONST. amend. IV.  A "seizure" of property occurs when "there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).  The Fifth Amendment guarantees that "no person shall be . . . deprived of life, liberty, or property, without due process of law . . . ." U.S. CONST. amend. V.  The constitutional guarantees afforded by the Fourth and Fifth Amendments only apply to the actions of the federal government, however. *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996); *accord Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000).  Plaintiff does not allege that Defendant is a federal actor.  Further, the Fifth Circuit has held that "there is no sufficient nexus to transform the private mortgagee's act into that of the federal government." *Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 358 (5th Cir. 1977).

Plaintiff's argument for dismissal on the ground that foreclosure of the Property would violate his Seventh Amendment right to a jury trial also fails as a matter of law.  The Seventh

Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." U.S. CONST. amend. VII. "Foreclosure actions, however, have always been deemed equitable in nature and may therefore be tried without a jury." *Walter E. Heller & Co. v. O/S Sonny V.*, 595 F.2d 968, 976 n.7 (5th Cir. 1979); *see also FDIC v. New London Enterprises*, 619 F.2d 1099, 1102-1103 (5th Cir. 1980) (noting that as actions "well rooted in equity before 1791" lends further proof that foreclosure proceedings do not implicate the constitutional right to a trial by jury); *Rozelle v. Connecticut General Life Ins. Co.*, 471 F.2d 29 (10th Cir. 1972), *cert. denied*, 411 U.S. 921 (1973) (explaining that actions to foreclose on a property mortgage "are equitable in nature and do not afford the right to a jury trial").

Because Plaintiff's motion to dismiss Defendant's judicial foreclosure claim on constitutional grounds lack merit, it should be denied.

**D.    <u>Securitized Mortgages</u>**

Plaintiff contends that dismissal of Defendant's counterclaim is warranted because securitized mortgages are illegal and violate RICO, usury, fraud, conspiracy, forgery, robo-signing, and antitrust laws. (doc. 31 at 2.)

Federal law provides for the creation of mortgage-related securities. *See* 15 U.S.C. §§ 77a-77aa. Although not the Fifth Circuit has not specifically considered this issue, the Sixth Circuit has found that the pooling of mortgages into investment trusts is not illegal and will not taint the underlying debt. *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 749 (6th Cir. 2014). In fact, challenges to the legality of mortgage securitization have been routinely rejected by courts throughout the country. *See id.* (Securitization "not some sort of illicit scheme that taints the underlying debt."); *Edokobi v. Greenpoint Mortg. Funding,* No. JFM-13-288, 2013 U.S. Dist.

LEXIS 45782, at *2 (D. Md. Mar. 29, 2013) ("Securitization of mortgages is not illegal."); *Haskins v. Moynihan*, No. CV-10-1000-PHX-GMS, 2010 WL 2691562, at *2 (D. Ariz. July 6, 2010) (rejecting claims based on securitization because plaintiffs could point to no law indicating that securitization of a mortgage is unlawful); *Nials v. Bank of Am.*, No. 13-CV-5720 (AJN), 2014 WL 1174504, at *8 n.4 (S.D.N.Y. Mar. 21, 2014) (holding that securitization of mortgage loans is not unlawful). "There is nothing unconstitutional about securitizing a mortgage loan or separating the mortgage from the note." *Bodmann v. JPMorgan Chase Bank, N.A.*, No. 14-CV-833 (JFB) (WDW), 2014 WL 3058551, at *4 (E.D.N.Y. July 7, 2014). This court has also considered and rejected the theory that securitization of a mortgage renders the security instrument unenforceable. *See Marban v. PNC Mortgage*, No. 3:12-CV-3952-M, 2013 WL 3356285, at *10 (N.D. Tex. July 3, 2013) (collecting cases); *Lamb v. Wells Fargo Bank*, NA, No. 3:12-CV-00680-L, 2012 WL 1888152, at *5 (N.D. Tex. May 24, 2012) (finding the borrower's argument that a pooling and servicing agreement prevented assignment of his mortgage meritless, and explaining that the mortgage and the mortgage loan were not interchangeable and therefore the transfer of the mortgage loan into the trust did not affect MERS' authority as the lender's nominee and beneficiary to sell, transfer, assign, or foreclose on the property at issue); *see also Felder v. Countrywide Home Loans*, No. H-13-0282, 2013 WL 6805843, at *15, *17 (S.D. Tex. Dec. 20, 2013) (rejecting the plaintiff's arguments that securitization rendered his Deed of Trust unenforceable).[7]    Accordingly, Plaintiff's illegality

---

[7]Courts in other circuits have also rejected this theory. *See Wittenberg v. Wells Fargo Bank, N.A.*, 852 F. Supp. 2d 731, 2012 WL 443781, at *19 (N.D. W. Va. Feb. 10, 2012) (rejecting arguments by the borrower that securitization of her loan rendered her note unenforceable); *Suss v. JP Morgan Chase Bank, N.A.*, 2012 WL 2733097, at *5-6 (D. Md. July 9, 2010) (same); *Frazier v. Aegis Wholesale Corp.*, 2011 WL 6303391, at *4 (N.D. Cal. Dec. 16, 2011) (holding that securitization of the borrower's loan had no effect on the ability of MERS to foreclose or transfer); *Klohs v. Wells Fargo Bank, N.A.*, 901 F. Supp. 2d 1253, 1260 (D. Haw. 2012) ("Securitization does not alter the relationship or rights of the parties to the loan, but merely creates a separate contract, distinct from plaintiffs' debt obligations under the note and does not change the relationship of the parties in any way.") (internal quotation marks and alterations omitted)*; Upperman v. Deutsche Bank Nat'l Trust Co.*, 2010 WL 1610414, at *3

argument does not constitute a sufficient basis to dismiss Defendant's counterclaims.

E.    **Failure to State a Claim**

To the extent that Plaintiff challenges the plausibility of Defendant's counterclaims, his motion to dismiss should still be denied.

*1.    Breach of Contract*

The essential elements of a breach of contract claim in Texas are: (1) the existence of a valid contract; (2) breach of the contract by the defendant; (3) performance or tendered performance by the plaintiff; and (4) damages sustained by the plaintiff as a result of the defendant's breach. *Mullins v. TestAmerica, Inc*., 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.–Houston [14th Dist.] 2005, pet. denied)).

Here, Defendant alleges that it is the holder and owner of the Note and the Deed of Trust, which was signed by Plaintiff and collectively constitute a valid contract. (doc. 1-1 at 18.)  It contends that Plaintiff breached the contract when he failed to pay the monthly payments as specified under the contract, that performance was tendered by its predecessor under the contract, and that it was damaged as a result of Plaintiff's breach of the contract. (*Id.* at 19.)  Defendant has provided detailed factual allegations explaining the basis for its breach of contract counterclaim. *See Twombly*, 550 U.S. at 570.

*2.    Non-Judicial Foreclosure*

To show entitlement to an order authorizing foreclosure under a security instrument with a power of sale, Defendant must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien

---

(E.D. Va. Apr. 16, 2010) (finding no authority that the mere existence of a pooling or servicing agreement or investment trust can relieve borrowers of their obligation to perform under a duly executed note and deed of trust, and holding that even if the note was securitized, the borrower's claim that such securitization rendered the note and deed of trust unenforceable was legally flawed).

created under Article 16, Section 50(a)(6) of the Texas Constitution; (3) the plaintiff is in default under the lien and security instrument; and (4) the plaintiff has been properly served with notice of default and notice of acceleration. *See Christiana Trust v. Jacob*, No. 7:15-CV-033-DAE, 2016 WL 4468274, at *2 (W.D. Tex. Aug. 23, 2016) (citing TEX. PROP. CODE § 51.002; *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013)), *aff'd*, 583 F. App'x 306 (5th Cir. 2014)).

Here, Defendant alleges that as of July 5, 2016, the amount due and owing under the Note is $336,207.57. (doc. 1-1 at 19.) It also alleges that the amount owed under the Note is secured by the Deed of Trust, that the failure to make monthly payments under the Note and the Deed of Trust is considered a default, and that Plaintiff remains in default because he has not made any monthly payments since June 1, 2011. (*Id.*) Defendant further alleges that the requisite notices of default and acceleration were sent to Plaintiff. (*Id.*) Based on these allegations, Defendant has pleaded enough facts to state a plausible claim for non-judicial foreclosure. *See Twombly*, 550 U.S. at 570.

### 3.    *Attorneys' Fees*

Defendant seeks an award of its costs and attorneys' fees as recoverable under the terms of the Note and the Deed of Trust and fees under §§ 37.009 and 38.001(8) of the Texas Civil Practices and Remedies Code. (*Id.*)

An award of attorneys' fees is governed by state substantive law. *Chevron USA, Inc. v. Aker Maritime Inc.*, 689 F.3d 497, 505 (5th Cir. 2012) (quoting *Mathis v. Exxon Corp.,* 302 F.3d 448, 461 (5th Cir. 2002)). In Texas, a party may recover attorneys' fees only when allowed by statute or contract. *1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 382 (Tex. 2011) (citing *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.,* 299 S.W.3d 106, 120 (Tex. 2009)); *Tony Gullo Motors I, L.P. v. Chapa,* 212 S.W.3d 299, 310-11 (Tex. 2006). Section

37.009 provides that a "court may award costs and reasonable and necessary attorneys' fees as are equitable and just" for any action brought under the Texas Declaratory Judgments Act. *See* TEX. CIV. PRAC. & REM. CODE § 37.009.  Section 38.001(8) similarly allows recovery of attorney's fees in a breach of contract suit so long as the party prevails and recovers damages on its breach of contract claim. *See id.* at § 38.001(8); *see also MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 666 (Tex. 2009).

Here, Defendant asserts a breach of contract counterclaim and seeks judgment authorizing it to foreclose on the Property. (doc. 1-1 at 20.)  Defendant alleges that the Note and the Deed of Trust permit it to recover its reasonable attorneys' fees in this action. (*Id.*)  Because Defendant has asserted a plausible counterclaim for breach of contract, it has also shown a plausible claim for its reasonable attorneys' fees.

Defendant has provided detailed factual allegations explaining the basis for its counterclaims for breach of contract, non-judicial foreclosure, and attorneys' fees. *See Twombly*, 550 U.S. at 570. Therefore, Plaintiff's motion to dismiss these claims should be denied.

### IV.  DEFENDANT'S MOTION TO STRIKE

In response to Defendant's motion for summary judgment, Plaintiff simply filed the affidavit of Thomas Hargreaves, an individual who has worked in the mortgage industry and claims to have extensive knowledge of loan originations and modifications and mortgage securitization. (doc. 20.) Hargreaves testified that he reviewed the mortgage documents and property records related to the Property, which includes documents similar to the summary judgment evidence proffered by Defendant. (*Compare* doc. 20 at 15-164 *with* doc. 18-1 at 6-56.)  Defendant moves to strike the affidavit because (1) Plaintiff did not disclose Hargreaves as an expert in accordance with Rule

26(a)(2); (2) the affidavit is conclusory and contains legal conclusions and hearsay statements; and (3) the exhibits attached to the affidavit constitute inadmissible hearsay. (doc. 24.)

## A.    <u>Failure to Disclose</u>

Defendant's first basis for striking the affidavit is Plaintiff's failure to designate Hargreaves as an expert or fact witness as required under Federal Rule of Civil Procedure 26. (doc. 24 at 2.)  It is undisputed that Plaintiff did not disclose Hargreaves in his Rule 26(a)(1) Initial Disclosures, either as a witness or expert.  (doc. 24-1.)

Under Rule 26(a)(2)(B), a party who retains an expert to provide expert testimony in a case must submit a report that includes: (1) a complete statement of all opinions of the witness and the reasons for them; (2) the facts or data the expert considered in forming his opinion; (3) any exhibits that will be used; (4) the witness's qualifications, including publications; (5) a list of all other cases in which he has testified in the previous four years; and (6) a statement of his compensation in the present case. Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).  If for some reason the witness is not required to provide such a report, Rule 26(a)(2)(C) nevertheless requires a party to disclose: (1) the subject matter on which the witness is expected to present evidence, and (2) a summary of the facts and opinions to which the witness is expected to testify. *Id.* at (a)(2)(C).  If a party fails to provide information as required under Rule 26(a), he may not use that information or witness to "supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  Because Plaintiff does not offer any "substantial justifications" for his omission, only the harmless exception of Rule 37(c)(1) will be considered. *Lofton v. McNeil Consumer & Specialty Pharm.*, No. 3:05-CV-1531-L-BH, 2008 WL 4878066, at *10 (N.D. Tex. July 25, 2008).

Courts consider four factors when determining if violations of disclosure requirements are harmless: "(1) the explanation, if any, for the non-disclosing party's failure to comply with the discovery rule; (2) the prejudice to the opposing party; (3) the possibility of curing such a prejudice by granting a continuance; and (4) the importance of the evidence and related witnesses' testimony." *Reyes v. City of Farmers Branch, Texas*, No. 3:07-CV-900-O, 2008 WL 4791498, at *3 (N.D. Tex. Nov. 4, 2008) (citing *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996)). A "[c]ourt has broad discretion in deciding whether a violation of Rule 26(a) is substantially justified or harmless." *Id.* (citing *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998)).

Under the first factor, Plaintiff does not offer an explanation for failing to identify his expert in his disclosures; he only states that the Rule 26 disclosures were presented to Defendant. (doc. 28 at 1.)  Regarding the second and third factors, Defendant has not specified how it was prejudiced by the failure to disclosure or addressed the possibility of a continuance to cure any prejudice.  As for the fourth factor, Defendant argues that the testimony is not important because it "brings nothing to the table except improper and erroneous legal conclusions and conclusory factual statements." (doc. 24 at 3.)  Defendant, however, neglects to identify the portions of the affidavit it contends are inadmissible.  The substance of the testimony appears to be important because it concerns the legitimacy of mortgage documents that are central to Defendant's motion for summary judgment on its foreclosure counterclaim.  Only the first factor weighs in favor of Defendant.

Considering these factors together, Defendant has not shown that the affidavit should be stricken. *See Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989); Fed. R. Civ. P. 37(c)(1).

**B.**     **<u>Inadmissibility</u>**

Defendant next argues that the affidavit contains conclusory allegations and improper legal

conclusions that render it inadmissible under Federal Rules of Evidence 701 and 702, as well as hearsay statements in violation of Federal Rules of Evidence 801 and 802. (doc. 24 at 3-4.). Defendant also argues that the exhibits to the affidavit "have not been properly authenticated and constitute inadmissible hearsay." (*Id.* at 4.)

Federal Rule of Evidence 103(a)(1) requires an objecting party to make specific objections detailing the specific evidence it wishes to strike and stating the specific grounds for striking it. *Tucker v. SAS Inst., Inc.*, 462 F. Supp. 2d 715, 722 (N.D. Tex. 2006) (citing *United States v. Avants*, 367 F.3d 433, 445 (5th Cir. 2004)). "[A] trial court judge must be fully apprised of the grounds of an objection." *Tucker,* 462 F. Supp. 2d at 722. Objections lacking specificity do not satisfy the requirements of Rule 103, and a loosely formulated and imprecise objection does not preserve error. *Id.* (citing *United States v. Polasek*, 162 F.3d 878, 883 (5th Cir. 1998).

Although Defendant generally objects that the affidavit is inadmissible under the Federal Rules of Evidence and should be struck from consideration, it does not identify the specific statements or opinions in the affidavit that are conclusory, consist of legal conclusions, or are inadmissible hearsay. (doc. 24 at 3-4.) Defendant also has not offered any argument as to why it believes that the exhibits to the affidavit are not properly authenticated or otherwise inadmissible, and it has not cited any case law or Federal Rule of Evidence demonstrating that this evidence "cannot be presented in a form that would be admissible in evidence." *See* Fed. R. Civ. P. 56(c)(2). As noted, Rule 103(a)(1) requires an objection that details the *specific evidence* to be stricken and the *specific grounds* therefor. *See Tucker*, 462 F. Supp. 2d at 722 (noting that "[t]he court is not required to review large quanta of evidence to ferret out inadmissible statements"); *Gilmour v. Intertek USA, Inc.*, No. 3:16-CV-00266, 2018 WL 3059682, at *2 (S.D. Tex. May 30, 2018), *report*

24

*and recommendation adopted*, No. 3:16-CV-00266, 2018 WL 3055749 (S.D. Tex. Jun. 20, 2018)

(quoting *Martinez v. Ford Motor Co.*, No. SA:14-CV-376-DAE, 2014 WL 6680521, at *2 (W.D. Tex. Nov. 25, 2014) ("Because Gilmour has offered only 'a broad statement that . . . [the] affidavit is conclusory,' the Court 'finds that [his] objection is not specific enough to pass muster under Federal Rule of Evidence 103(a)(1)(B).'"); *Shepherd v. Dallas County*, 2008 WL 656889, at *6 (N.D. Tex. Mar. 6, 2008) (overruling objections because the movant failed to point to inadmissible components).

Because Defendant's generalized objections to the Hargreaves affidavit do not meet the specificity requirements of Rule 103(1)(a), they are **OVERRULED**, and its motion to strike is **DENIED**. *See, e.g., Hannon v. Kiwi Servs.*, No. 3:10-CV-1382-K-BH, 2011 WL 7052795, at *2 (N.D. Tex. Dec. 30, 2011), *adopted as modified*, 2012 WL 234650 (N.D. Tex. Jan. 24, 2012) (denying a motion to strike for lack of specificity); *Highpoint Risk Servs. LLC v. Companion Prop. & Cas. Ins. Co.*, No. 3:14-CV-3398-L(BH), 2016 WL 4479511, at *8 (N.D. Tex. Aug. 25, 2016) (same). Nevertheless, to the extent that the affidavit contains conclusory allegations and legal conclusions, those statements will not be considered. *Salas v. Carpenter*, 980 F.2d 299, 304 (5th Cir. 1992) (holding that a court should not strike an entire affidavit when portions are inadmissible); *see also Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir. 1987) (holding that a court should disregard the inadmissible portions of a challenged affidavit). Any portions of the affidavit that are clearly hearsay, clearly lack a basis of personal knowledge, or both, will also be disregarded. *Bellard v. Gautreaux*, 675 F.3d 454, 461 (5th Cir. 2012) (district court may *sua sponte* exclude evidence at summary judgment stage). Finally, any evidence that Plaintiff relies on that does not satisfy the admissibility requirements under the Federal Rules of Evidence will not be considered.

*See Broadway v. City of Montgomery*, 530 F.2d 657, 661 (5th Cir. 1976) ("Evidence inadmissible at trial cannot be used to avoid summary judgment.").

## V.  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant moves for summary judgment on its counterclaim for breach of contract and its request for foreclosure on the Property and recovery of its reasonable attorneys' fees. (doc. 18.)

## A.    <u>Standard</u>

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If it "bears the burden of proof on an issue, either because [it] is the plaintiff or as a defendant [it] is asserting an affirmative defense, [it] must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). The moving party can also meet its summary judgment burden by "pointing out to the district court [] that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325 (internal quotation omitted).  There is "no genuine issue as to any material fact [where] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

26

Once the movant meets its summary judgment burden, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex Corp.*, 477 U.S. at 324. It must go beyond its pleadings and designate specific facts to show there is a genuine issue for trial. *Id.*; *Anderson*, 477 U.S. at 249.[8] While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Moreover, Rule 56 imposes no obligation for a court "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Although courts generally liberally construe the pleadings of a *pro se* plaintiff, *see Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam), Rule 56 imposes no obligation "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.1998)). Parties must "identify specific evidence in the record" supporting challenged claims and "articulate the precise manner in which that evidence supports [those] claim[s]." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

In short, summary judgment in favor of the movant is proper if, after adequate time for

---

[8] "The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing Fed. R. Civ. P. 56(c)(1)).

discovery, the motion's opponent fails to establish the existence of an element essential to its case and as to which it will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

**B.    <u>Breach of Contract</u>**

Defendant argues that it is entitled to an order of foreclosure authorizing it to foreclosure on the Property. (doc. 18 at 12.)  Although it does not expressly identify its breach of contract claim in its motion for summary judgment, its claim is subsumed with its motion requesting judicial foreclosure. *See Deutsche Bank Nat'l Tr. Co. for Morgan Stanley Home Equity Loan Tr. 2005-1 Mortgage Pass-Through Certificates, Series 2005-1 v. Newman*, 9:15-CV-127, 2017 WL 3699760, at *3 (E.D. Tex. July 20, 2017), *recommendation adopted by* 2017 WL 3676820 (E.D. Tex. Aug. 24, 2017) ("Deutsche Bank has asserted a meritorious cause of action for judicial foreclosure based upon the Newmans' breach of contract."); *Deutsche Bank Nat'l Tr. Co. v. Mullennix*, 4:16CV207-ALM-KPJ, 2017 WL 4172157, at *1 (E.D. Tex. Aug. 31, 2017), *recommendation adopted by*, 2017 WL 4168999 (E.D. Tex. Sept. 20, 2017) (granting the plaintiff's request for a declaratory judgment where "[t]he amended complaint asserts claims for foreclosure and breach of contract, and seeks a declaration from the Court allowing Plaintiff to enforce its lien against the Property through foreclosure"); *U.S. Bank Nat'l Ass'n v. Ross*, CV H-15-2385, 2017 WL 2730769, at *1 (S.D. Tex. June 26, 2017) ("However, judicial foreclosure is a remedy rather than a cause of action. To be entitled to relief, U.S. Bank could have pled a cause of action such as breach of contract or breach of promissory note.") (citing *Bazan v. JPMorgan Chase Bank*, 7:13-CV-433, 2014 WL 12531349, at *1 (S.D. Tex. June 19, 2014) (holding that a lender was entitled to judicial foreclosure after the lender established the borrower's breach of contract)).  Defendant provides summary judgment evidence to establish each element for its breach of contract counterclaim.

As noted, a Texas breach of contract claim has the following elements: (1) the existence of a valid contract; (2) breach of the contract by the defendant; (3) performance or tendered performance by the plaintiff; and (4) damages sustained by the plaintiff as a result of the defendant's breach. *See Mullins,* 564 F.3d at 418 (citing *Aguiar*, 167 S.W.3d at 450.).  "A breach of contract occurs when a party fails to perform an act that it has expressly or impliedly promised to perform." *Case Corp. v. Hi-Class Bus. Sys.*, 184 S.W.3d 760, 769-70 (Tex. App.—Dallas 2005, pet. denied). "Whether a party has breached a contract is a question of law." *Gardocki v. J.P. Morgan Chase Bank*, No. 12-2254, 2014 WL 12537076, at *4 (S.D. Tex. June 11, 2014) (citing cases). Additionally, damages are "an essential element of a cause of action for breach of contract under Texas law," *Lexxus Intern., Inc. v. Loghry*, 512 F. Supp. 2d 647, 666 (N.D. Tex. 2007), and "[t]he plaintiff bears the burden of demonstrating that he suffered a loss as a result of the breach." *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003) (citing *Taub v. Houston Pipeline Co.*, 75 S.W.3d 606, 617 (Tex. App.—Texarkana 2002, pet. denied)).

Here, Defendant presents the Note and the Deed of Trust, which are both signed by Plaintiff. (doc. 18-1 at 6-28.)  Defendant also provides a declaration from Mallory E. Antil, an employee of Defendant, stating that both documents are true and correct copies of the Note and the Deed of Trust.[9] (*Id.* at 2-4.)  The declaration indicates that the original lender, Military Mortgage, performed

---

[9]  Antil states that she is currently employed by U.S. Bank National Association as an(sic) Officer," is "fully authorized to make this declaration on behalf of U.S. Bank," and "[a]ll statements made herein are true and correct and based upon [her] personal knowledge gained from [her] employment by U.S. Bank and a review of business records of the servicer for the subject loan, U.S. Bank." (doc. 18-1 at 2.)  Antil further states that "[her] testimony is based upon [her] familiarity with the business records practices, record keeping system and servicing practices of U.S. Bank and [her] review of U.S. Bank's business records." (*Id.*)  She states that she reviewed "all servicing records from any predecessor mortgagee and mortgage servicer, and have had the opportunity to review the business records and account information related specifically to the Loan (the "Loan Records") secured by the Property." (*Id.*)  She later states that the attached documents, including the Note, Deed of Trust, and the Assignments, "are the originals or exact duplicates(sic) of the originals." (*Id.* at 3.)  Based on her position with Defendant and her familiarity with the details of the case, Antil has personal knowledge of the matters set forth in her declaration and the attached exhibits. *See Highpoint*

under the terms of the contract by lending $240,000 to Defendant. (*Id.* at 2.)  The declaration also

states that the Note and the Deed of Trust were assigned to Defendant, and copies of the assignments

of the Deed of Trust are also attached to the declaration. (*Id.* at 3, 30-37.)  Defendant also provides

copies of the Notice of Default and the Notice of Acceleration, which is summary judgment

evidence showing Plaintiff's breach by not making the contractually required monthly payments.

(*Id.* at 39-56.)  Finally, Defendant provides evidence indicating that it suffered injury because no

payments were made to cure the default. (*Id.*)

Defendant has met its summary judgment burden to bring forward evidence showing that

there was a valid contract between Plaintiff and Defendant that was breached and gives rise to its

claim for judicial foreclosure. *See Topalian*, 954 F.2d at 1131.  Plaintiff therefore must point to

evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.

*See Celotex*, 477 U.S. at 323-24.  Liberally construing his responsive filing, Plaintiff appears to

argue that Defendant lacks standing to sue for breach of contract of the Note.  He claims there is

insufficient proof that the Note was properly assigned to Defendant, which impacts its ability to

enforce it.  (doc. 20 at 3-6.)

### 1.    Holder of the Note

At the summary judgment stage, the party seeking to recover on a negotiable instrument must

prove it is the instrument's holder or owner. *Hometown 2006-1 1925 Valley View, LLC v. Prime*

*Income Asset Mgmt. LLC*, No. 3:11-CV-2633-O, 2012 WL 12886999, at *4 (N.D. Tex. Dec. 17,

---

*Risk Servs. LLC v. Companion Prop. & Cas. Ins. Co.*, No. 3:14-CV-3398-L-BH, 2016 WL 4479511, at *7 (N.D. Tex. Aug. 25, 2016).  Antil's statements further show that she is qualified to offer her declaration and has satisfied the conditions under Fed. R. Evid. 803(6)(A)-(D) for the business records exception. *See Rosenberg v. Collins*, 624 F.2d 659, 665 (5th Cir. 1980) ("Any person in a position to attest to the authenticity of certain records is competent to lay the foundation for the admissibility of the records; he need not have been the preparer of the record, nor must he personally attest to the accuracy of the information contained in the records.").

2012), *aff'd sub nom.* 595 F. App'x 306 (5th Cir. 2014) (citing *Leavings v. Mills*, 175 S.W.3d 301, 309 (Tex. App.—Houston [1st Dist.], no pet.)); *Clark v. Dedina*, 658 S.W.2d 293, 295 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd). Texas law defines a "holder" as "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." TEX. BUS. & COM. CODE ANN. § 1.201(b)(21); *SMS Fin. Liab. Co. v. ABCO Homes, Inc.*, 167 F.3d 235, 238 (5th Cir. 1999). "A person can become the holder of an instrument when the instrument is issued to that person; or he can become a holder by negotiation." *Leavings*, 175 S.W.3d at 309 (citing TEX. BUS. & COM. CODE ANN. § 3.201 cmt. 1). Negotiation is the "transfer of possession . . . of an instrument by a person other than the issuer to a person who thereby becomes its holder." TEX. BUS. & COM. CODE ANN. § 3.201(a); *SMS Fin.*, 167 F.3d at 238. "[I]f an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder." TEX. BUS. & COM. CODE ANN. § 3.201(b); *Jernigan v. Bank One, Tex., N.A.*, 803 S.W.2d 774, 776 (Tex. App.—Houston [14th Dist.] 1991, no writ). The indorsement must be written by or on behalf of the holder and on a paper affixed to the instrument. TEX. BUS. & COM. CODE § 3.204.

If the holder of the instrument indorses it and identifies a person to whom it makes the instrument payable in the indorsement, the instrument may only be negotiated thereafter by that named person's indorsement. TEX. BUS. & COM. CODE § 3.205(a). This is known as a "special indorsement." *Id.* If, on the other hand, the holder of the instrument does not identify a person to whom the indorsement makes the instrument payable, the instrument is indorsed in blank. *Id.* § 3.205(b). "When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." *Id.* In sum, the party claiming it is the

31

holder of the instrument that it seeks to enforce must prove both its possession of the instrument and that "the instrument must be drawn, issued, or indorsed (1) to him, (2) to his order, (3) to bearer, or (4) in blank." *SRSB-IV, Ltd. v. Cont'l Sav. Ass'n*, 33 F.3d 1379, 1994 WL 487239, at *4 (5th Cir. 1994 Aug. 18, 1994) (unpublished opinion).

Defendant has met its summary judgment burden in showing that it is the holder of the Note. First, Defendant possesses the Note, as indicated by the sworn copy of the instrument attached to its motion. (doc. 18-1 at 6-7). Second, there are two separate indorsements on the Note consistent with Defendant's status as the holder. (*Id.* at 7.) The first indorsement is a special indorsement by the original holder, Military Mortgage, transferring the Note to CMS Mortgage. (*Id.*) The second indorsement by CMS Mortgage transfers the Note in blank. (*Id.*) Because the Note itself demonstrates that the statutory prerequisites for effective negotiation of the Note have been met, by producing the Note indorsed in blank, Defendant has provided evidence showing it is the holder of the Note. *See Kiggundu v. Mortgage Elec. Registration Sys., Inc.*, 469 F. App'x 330, 331 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 210 (U.S. 2012) ("Because the note was endorsed in blank and the [defendant] was in possession of the note, under Texas law, the [defendant] was entitled to collect on it.") (citing to TEX. BUS. & COM. CODE §§ 1.201(b)(21), 3.204, 3.205); *Perdomo v. Fed. Nat'l Mortg. Ass'n*, No. 3:11-CV-734-M, 2013 WL 1123629, at *4 (N.D. Tex. Mar. 18, 2013) ("Under Texas law, a holder of a note indorsed in blank is presumed to be entitled to enforcement of the instrument merely by showing possession of that instrument. Such a holder is not also required to establish an unbroken chain of title.").

Plaintiff claims there are fact issues surrounding the legitimacy of the indorsements. He argues that there is no proof that the signatory of the first indorsement had the authority to sign as

the attorney in fact of Military Mortgage. (doc. 20 at 4.)  He also claims that he could not find proof that the signatory for the second indorsement was ever employed for CMS Mortgage, or had the authority to indorse the Note on its behalf. (*Id.* at 5.)  Plaintiff's arguments do not create a genuine issue of material fact.  First, his legitimacy argument is not based on the actual summary judgment evidence, but on a copy of the Note that is not properly authenticated summary judgment evidence.[10] Because Plaintiff has not objected to the copy of the Note presented as Defendant's summary judgment evidence, that copy serves as evidence of the Note for purposes of summary judgment. Second, Plaintiff provides nothing beyond conclusory argument to challenge the legitimacy of the indorsements of the Note.[11]  This is insufficient to avoid summary judgment.  *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, 586 F. App'x 631, 2013 WL 2422778, at *2 (5th Cir. 2013) ("Texas 'view[s] with suspicion and distrust attempts to discredit certificates of acknowledgment,' under which the transfer is presumptively valid and 'contradicting evidence must be clear, cogent, and convincing beyond reasonable controversy.'") (citing *Ruiz v. Stewart Mineral Corp.*, 202 S.W.3d 242, 248 (Tex. App.—Tyler 2006, pet. denied)).  Plaintiff fails to meet his summary judgment burden of identifying a genuine dispute of a material fact regarding Defendant's holder status.

---

[10] The Hargreaves affidavit, which appears to be Plaintiff's response to Defendant's summary judgment motion, makes no reference to the motion or the summary judgment evidence.  The affidavit was executed on July 1, 2017, which was almost a year before Defendant filed its motion. (*Id.* at 11.)

[11]  Moreover, issues with the indorsement of the Note has no bearing on this action.  Lack of authority to indorse the Note would only make the Note voidable. *Wood v. Bank of Am.*, No. 14-cv-00073, 2015 WL 2378958, at *6 n.8 (N.D. Tex. Apr. 23, 2015) ("The Texas Supreme Court has held that a contract executed on behalf of a corporation by a person fraudulently purporting to be a corporate officer is, like any other unauthorized contract, not void, but merely voidable at the election of the defrauded principal.") (citing *Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976)).  As recognized by the Fifth Circuit, "the law is settled in Texas that an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor." *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013) (quotation marks omitted).  Plaintiff would not have standing to challenge an improper indorsement rendering the Note voidable. *Id.*

### 2.    *Owner of the Note*

Even if Plaintiff raised a genuine issue regarding Defendant's status as the holder of the Note, Defendant can enforce the Note if it is the owner. *Leavings*, 175 S.W.3d at 309 ("[E]ven if a person is not the holder of a note, he may still be able to prove that he is the owner and entitled to enforce the note, foreclose on collateral and obtain a deficiency judgment under common-law principles of assignment.")  Texas law is clear that a party does not have to be a holder to enforce an instrument. See TEX. BUS. & COM. CODE § 3.301; *Manley v. Wachovia Small Bus. Capital*, 349 S.W.3d 233, 237 (Tex. App.—Dallas 2011, pet. denied) ("The owner of a note may enforce the note even if he is not a holder.") (citing *Waters v. Waters*, 498 S.W.2d 236, 241 (Tex.Civ.App.-Tyler 1973, writ ref'd n.r.e.).  A party not identified in a note who is seeking to enforce it as the owner must prove the transfer by which it acquired the note. *Leavings*, 175 S.W.3d at 309; *see also SRSB-IV,* 1994 WL 487239, at *4 (explaining that the claimed owner of a note "must prove the transaction through which the note was acquired") (citing *Jernigan*, 803 S.W.2d at 777)).  A photocopy of a note attached to the affidavit of the holder or owner, who swears that it is a true and correct copy of the note, is sufficient as a matter of law to prove the status of owner or holder of a note, absent controverting summary judgment evidence. *Zarges v. Bevan*, 652 S.W.2d 368, 369 (Tex. 1983); *Christian v. Univ. Fed. Sav. Ass'n*, 792 S.W.2d 533, 534 (Tex. App.—Houston [1st Dist.] 1990, no writ).  Nevertheless, the existence of an unexplained gap in the chain of title may present a fact issue on the question of ownership of the note. *Martin v. New Century Mortg.*, 377 S.W.3d 79, 85 (Tex. App.—Houston [1st Dist.] June 14, 2012, no pet.) (citing *Leavings*, 175 S.W.3d at 309).

Defendant has attached the sworn affidavit of Antil who confirms that Defendant is both the current owner and holder of the Note. (doc. 18-1 at 2-4.)  Antil testifies that through the assignments

of the Deed of Trust, "U.S. Bank is the current [](sic) owner and holder of the Note and beneficiary of the [Deed of Trust]." (*Id.* at 2.)  The Assignments expressly provide that Defendant acquired "all rights accrued and to accrue under said [Note and Deed of Trust]."[12] (*Id.* at 36.)  The affidavit and Defendant's possession of the Note conclusively establish that Defendant is the owner of the Note. *See* TEX. BUS. & COM. CODE § 3.201; *Leavings*, 175 S.W.3d at 309.  Because Defendant has met its summary judgment burden by bring forward evidence showing it is the owner of the Note, Plaintiff has the burden of identifying a genuine issue of material fact regarding Defendant's ownership of the Note. *See Celotex*, 477 U.S. at 323-24.

Plaintiff argues that the indorsement in blank failed to transfer the Note to Defendant because (1) it is not permitted under the law and (2) it would be in violation of the Pooling and Service Agreement (PSA).  Plaintiff's first argument is based on Hargreaves' theory that a blank indorsement is no substitute for a valid assignment of a negotiable instrument. (doc. 20 at 3.) Notwithstanding the evidentiary deficiencies surrounding Hargreaves's testimony, this argument fails as a matter of law.  Indeed, Texas law expressly recognizes a blank indorsement of a negotiable instrument as an effective means of conveying a security instrument. *See* TEX. BUS. & COM. CODE § 3.205(b).

Plaintiff next argues the blank indorsement on the Note violates the PSA because it was not "with recourse [and] unqualified naming the assignee." (doc. 20 at 3.)  The Fifth Circuit has rejected similar challenges to an assignment based on the alleged violation of a PSA, however. *Reinagel*, 735 F.3d at 228.  This is premised on the fact that borrowers generally lack standing to challenge an assignment based on a violation of the terms of a pooling and servicing agreement. *Id.*; *see also*

---

[12]  Antil also testifies that the Assignments are true and correct copies. (doc. 18-1 at 3.)

*Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) ("As a non-party mortgagor, and without any evidence showing Farkas to be an intended third-party beneficiary, we conclude that Farkas lacks the requisite standing to bring suit to enforce the terms of the PSA that govern the assignment of the mortgagor's note."). Plaintiff here has not identified any facts or evidence showing he was an intended third-party beneficiary to the PSA, or of its breach. *See Reinagel*, 735 F.3d at 228; *Farkas*, 737 F.3d at 342 (relying on *Reinagel* to find that borrowers lacked standing to challenge the transfer of the note in violation of the terms of the PSA); *Molin v. Fremont Inv. & Loan*, Civ. No. H-13-2394, 2013 WL 6732043, * 2 (S.D. Tex. Dec. 19, 2013); *Felder v. Countrywide Home Loans*, Civil No. H-13-282, 2013 WL 6805843, * 18 (S.D. Tex. Dec. 20, 2013).

Plaintiff does not challenge Defendant's summary judgment evidence, and there is no unexplained gap in the chain of title establishing Defendant's ownership of the Note. *See Leavings*, 175 S.W.3d at 309. Because Plaintiff fails to provide competent evidence controverting Antil's affidavit and Defendant's possession of the Note, there is no genuine issue of material fact as to whether Defendant is the owner of the Note and can enforce it. *See Whitney Bank v. Hancock*, No. H-11-2164, 2013 WL 1404822, at *2 (S.D. Tex. Apr. 5, 2013) ("Absent controverting evidence, affidavit testimony together with a true and correct copy of the note proves ownership for summary-judgment purposes.") (citing *Zarges v. Bevan*, 652 S.W.2d 368, 369 (Tex. 1983)).

Defendant has demonstrated that summary judgment of its breach of contract counterclaim should be granted.

## C.    Judicial Foreclosure

By succeeding on its breach of contract counterclaim, Defendant has shown it is entitled to relief based on contractual breach. Defendant seeks judicial foreclosure of the Property. As part

of its final prayer for relief in the original counterclaim, however, Defendant requested a court order for non-judicial foreclosure sale of the Property. *See In re Erickson*, 566 F. App'x 281, 284 (5th Cir. 2014) ("Both [the Fifth Circuit] and the Texas Courts of Appeals have held that judicial foreclosure and the ability of a trustee to foreclose under the power of sale in a deed of trust are separate and distinct remedies, either of which the trustee may elect to pursue.") (citations omitted). Despite only expressly mentioning non-judicial foreclosure in its prayer for relief, Defendant has sufficiently alleged a claim for judicial foreclosure. *See Parkhill v. Minn. Mut. Life Ins. Co.*, 286 F.3d 1051, 1057-58 (8th Cir. 2002) ("The well-pleaded facts alleged in the complaint, not the legal theories of recovery or legal conclusions identified therein, must be viewed to determine whether the pleading party provided the necessary notice and thereby stated a claim in the manner contemplated by the federal rules."); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). In its original counterclaim, Defendant was seeking relief under Texas Property Code § 51.002 and under the terms of the loan agreement. (doc. 1-1 at 19.) Defendant specifically requested a judgment that it "may proceed with a foreclosure sale under the terms of the security instrument, Tex. Prop. Code § 51.002 and applicable law with respect to the secured Property made the subject of this proceeding." (*Id.*) Finally, Defendant concluded its prayer for relief "for such further relief as to which U.S. Bank may show itself entitled at law or in equity." (*Id.* at 21.) Defendant's request for relief in its counterclaim was sufficient to include a request for judicial foreclosure. *See Laird v. Integrated Res.*, 897 F.2d 826, 842 (5th Cir. 1990) (Under rule 8(a)(3), "a plaintiffs' failure to request appropriate relief does not prevent the award of available relief. . . . If they present sufficient evidence, the district court must award the proper remedy.") (citations omitted); *Cf. Stille v. Colborn*, 740 S.W.2d 42, 44 (Tex. App.-San Antonio 1987, writ denied) (recognizing a lender's

option of seeking judicial or non-judicial foreclosure, "even to the extent of commencing with one and, before completion, changing to the other").

In Texas, a party seeking to foreclose on real property secured by a security instrument with a power of sale has the option either to sell property in a non-judicial foreclosure in accordance with powers expressly granted in a deed of trust, or to bring a judicial foreclosure action. *Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 129 n.1 (5th Cir. 1990) and TEX. PROP. CODE § 51.002; *see also Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App.–Corpus Christi 1996, no writ) (citation omitted) (explaining that a foreclosure sale may be instituted either by a judgment of the court or by a valid exercise of a power contained in a deed of trust); *In re Erickson*, 566 F. App'x at 284 (finding the trustee had a right to pursue judicial foreclosure as a remedy independent of its contractual right to pursue non-judicial foreclosure under the power of sale in the deed of trust). In its pursuit of judicial foreclosure, the party must demonstrate "(1) the existence of a note secured by real property; (2) that some part of the note is due and unpaid; and (3) that the real property subject to the lien is the same property that it seeks to foreclose." *TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, No. 3:14-CV-2589-M-BN, 2016 WL 2856006, at *3 (N.D. Tex. Apr. 18, 2016), *recommendation adopted,* 2016 WL 2853565 (N.D. Tex. May 13, 2016), *appeal dismissed* (July 20, 2016) (citing *Rinard v. Bank of Am.*, 349 S.W.3d 148, 152 (Tex. App.–El Paso 2011, no pet.)). "The court may order judicial foreclosure upon proof 'establishing the debt and fixing the lien.'" *Maldonado v. CitiMortgage, Inc.*, 676 F. App'x 282, 284 (5th Cir. 2017) (per curiam) (quoting *Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App.—Corpus Christi 1996, no writ)); *see also* TEX. R. CIV. P. 309. Prior to foreclosing under a deed of trust, there must also be evidence that notice of default, acceleration, and foreclosure were issued in accordance with Texas statutory requirements. *U.S.*

*Bank Nat. Ass'n. v. Davis*, No. A-13-CV-1090-LY-ML, 2015 WL 3443473, at *5 (W.D. Tex. May 28, 2015), *recommendation adopted by* 2015 WL 11545016 (W.D. Tex. July 6, 2015) (citing TEX. PROP. CODE § 51.002(b)).

Here, Defendant proffers Antil's affidavit as well as the Note, the Deed of Trust, the Assignments, the Notice of Default, and the Notice of Acceleration, as summary judgment evidence. (*See* doc. 18-1.) These exhibits establish that the Note and the Deed of Trust constitute a valid agreement between Plaintiff and Military Mortgage for a debt secured by a lien created in the Deed of Trust, and that Plaintiff's failure to make monthly payments as required by these instruments would result in a breach of the loan.[13] (*See* doc. 18-1 at 6-28.) They also show that Military Mortgage assigned the original Deed of Trust to CMS Mortgage in August 2003; CMS assigned the Deed of Trust to MVB Mortgage in September 2003; MBV Mortgage assigned the Deed of Trust to MERS in September 2005; and MERS assigned the Deed of Trust to Defendant in October 2011, the current owner of the Deed of Trust and power of sale. (S*ee id.* at 30-37.) Further, the exhibits demonstrate that Plaintiff properly received a Notice of Default on August 5, 2011, and a Notice of Acceleration on December 6, 2011. (*See id.* at 39-56.) Defendant has met its summary judgment burden to show there is no genuine issue of material fact regarding its right to a judicial foreclosure of the Property. *See TFHSP*, 2016 WL 2856006, at *3. The burden now shifts to Plaintiff to identify evidence in the record raising a genuine issue of material fact that Defendant is not entitled to a foreclosure order on the Property.

---

[13] The summary judgment evidence also establishes that Defendant is a "mortgage servicer" under Texas Property Code § 51.0001 that may administer a foreclosure sale of real property under Texas Property Code § 51.002. TEX. PROP. CODE §§ 51.0025, 51.0001(3), 51.0001(4)(a)-(c).

### 1.    *Hargreaves affidavit*

Attached to the Hargreaves affidavit are similar copies of Defendant's summary judgment evidence, as well as other loan documents associated with the Property that were provided to him by Plaintiff's former counsel. (*Id.* at 15-164). Hargreaves testified that he reviewed the attached documents and the property records involving the Property. (*Id.* at 3.) Based on his review, Hargreaves testified that Defendant could not foreclose on the Property because there is no proof that the Deed of Trust and the Note were properly assigned to Defendant, and opined that Defendant does not have the proper authority or standing to foreclose the Property. (*Id.* at 11.)

Plaintiff cannot present the testimony in the affidavit as expert opinion because it does not comply with the Federal Rules of Evidence. *See* Fed. R. Evid. 702, 703. It is well-established that only expert testimony that is properly admitted under the Federal Rules of Evidence may be considered as evidence on summary judgment. *Michaels v. Avitech, Inc.*, 202 F.3d 746, 754 (5th Cir. 2000); *see also See Gen. Star Indem. Co. v. Sherry Brooke Revocable Tr.*, 243 F. Supp. 2d 605, 625 (W.D. Tex. 2001) (explaining that the standards applicable to the admissibility of expert testimony also apply on summary judgment). Hargreaves cites Florida case law and bases his opinions on his assessment of the laws applicable to mortgages and loans in Florida. (doc. 20 at 5-10.). His opinions that the loan documents he reviewed do not satisfy the legal requirements for foreclosure are conclusory and amount to impermissible legal conclusion. *Goodman v. Harris Cty.*, 571 F.3d 388, 399 (5th Cir. 2009); *see also Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) ("[A]llowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant."); *Orthoflex, Inc. v. ThermoTek, Inc.*, 986 F. Supp. 2d 776, 798 (N.D. Tex. 2013) (concluding that opinion testimony based on nothing more than

subjective belief or unsupported speculation, is conclusory and fails to qualify as admissible expert testimony). The opinions stated in Hargreaves's affidavit will not be considered as expert testimony or summary judgment evidence.

2.    *Arguments*

To the extent Hargreaves' testimony may be liberally construed as Plaintiff's own arguments against summary judgment, those arguments fail to show evidence or a genuine issue of material fact to avoid summary judgment.

a.    *Chain of Title*

The affidavit includes the argument that Defendant lacks standing to foreclose under the Deed of Trust because there are no records in the Dallas County, Texas Property Records showing that the Deed of Trust was ever assigned to Defendant. (doc. 20 at 3, 11). It claims that summary judgment is improper because Defendant's chain of title to the Deed of Trust has not been established.

When a party who is not named in the original deed of trust seeks to foreclose, it must be able to trace its rights under the deed of trust back to the original holder. *See Rice v. Bank of New York*, No. 4:11-CV-4220, 2012 WL 3685981, at *2 (S.D. Tex. Aug. 24, 2012). Absent proof that it is the current mortgagee of the subject property, a servicing entity or alleged mortgagee has no right to foreclose under Texas law. *See id.*; *Shelton v. Flagstar, F.S.B.*, No. H-11-3805, 2012 WL 1231756, at *2 (S.D. Tex. Apr. 12, 2012). The chain of title can be proven in several ways, including but not limited to, documents filed of record in the county clerk's office and an unbroken chain of assignments from the original mortgagee. *See* TEX. PROP. CODE § 51.0001(4)(C)("[I]f the security interest has been assigned of record, the last person to whom the security interest has been

41

assigned of record" is the mortgagee); *Leavings v. Mills*, 175 S.W.3d 301, 313-314 (Tex. App.–Houston [1st Dist.] 2004, no pet.).

Here, Defendant met its summary judgment burden by presenting the Assignments that show its clear and unbroken ownership of the Deed of Trust. (doc. 18-1 at 30-37). Plaintiff does not object to this summary judgment evidence. Even if any of the Assignments were not recorded in the Property Records of Dallas County, as claimed by Hargreaves, Texas law does not require that an assignment of a deed of trust be recorded to be valid. *See Green v. JP Morgan Chase Bank, N.A.*, 937 F. Supp. 2d 849, 858 (N.D. Tex. 2013) (explaining that the "recordation of an assignment puts third parties on notice of the assignment, but the recordation itself does not affect the validity of the transfer of interest"); *see also Broyles v. Chase Home Fin.*, No. 3:10–CV–2256–G, 2011 WL 1428904, at *2 (N.D. Tex. Apr. 13, 2011) (finding that assignments need not be recorded and noting that "Texas courts have consistently held that recordation is not necessary for liens, deeds, or deeds of trust to be enforceable against the parties to those instruments"). Because Plaintiff has failed to bring forward evidence or identify a genuine issue of material on the basis of this argument, Plaintiff does not meet his summary judgment burden with respect to the chain of title.

> b.    *"Show-me-the-Note" Theory*

The affidavit also appears to argue that before proceeding with foreclosure, Defendant must prove that it is in possession of "the Original 'Wet Ink' signature Note, as provided for in the Uniform Commercial Code." (doc. 20 at 10.) By not providing the original Note, Plaintiff argues that Defendant is not entitled to summary judgment on its request for judicial foreclosure.

This argument implicates what is commonly referred to as the "show-me-the-note" theory. *See Bennett v. JPMorgan Chase*, No. 3:12-CV-212-N, 2012 WL 2864751, at *3 (N.D. Tex. June 12,

2012), *recommendation adopted*, 2012 WL 2864467 (N.D. Tex. July 12, 2012). "Advocates of this theory believe that only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure."[14] *Wells v. BAC Home Loan Servicing, L.P.*, No. W-10-CA-00350, 2011 WL 2163987, at * 2 (W.D. Tex. Apr. 26, 2011) (citation and internal quotation marks omitted). The theory has been repeatedly rejected in this circuit. *Bennett*, 2012 WL 2864751, at *3; *see also Cervantes v. U.S. Bank Nat'l Ass'n*, No. 3:12-CV-0661-D, 2012 WL 1605558, at *3 (N.D. Tex. May 8, 2012) (collecting cases).

"Texas courts have refused to conflate foreclosure with enforcement of a promissory note." *Martins*, 2013 WL 1777487, at *2 (quoting *Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 WL 3268307, at *3 (W.D. Tex. July 25, 2011)). Under Texas law, promissory notes and deeds of trust are distinct obligations that afford lenders distinct remedies upon default - "the note against the borrower and the lien against the real property." *Bierwirth*, 2012 WL 3793190, at *3; *see also Aguero v. Ramirez*, 70 S .W.3d 372, 374 (Tex. App.—Corpus Christi 2002, pet. denied). When the lender seeks a personal judgment against the borrower, it "must typically demonstrate that it is the holder of the note by producing the original wet-ink instrument." *Millet v. JP Morgan Chase, N.A.*, No. SA-11-CV-1031-XR, 2012 WL 1029497, at *3 (W.D. Tex. Mar. 26, 2012). By contrast, "[f]oreclosure is an independent action against the collateral" that "enforces the deed of trust, not the underlying note." *Reardean*, 2011 WL 3268307, at *3; *accord Martins*, 2013 WL 1777487, at

---

[14] Plaintiff also alleges that the blank indorsement of the Note is not a valid assignment because "[a] Blank Indorsement must have a matching assignment of the Deed of Trust." (*See* doc. 20 at 3). This assertion implicates the "split-the-note" or "bifurcation" theory. *See Islamic Ass'n*, 2012 WL 2196040, at *3 (explaining that the plaintiff's "split the note" theory was based on its argument that because "MERS never held the Note ... its assignment of the Deed of Trust . . . ha[d] no force or effect"); *see also Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 WL 3793190, at *3 (Tex. App.—Austin Aug. 30, 2012, no pet.) (mem. op.) ("[The] bifucation theory originates in the concept that a note has no separate existence from its security, and an assignment of the security alone is a nullity."). This theory appears to be a variation of the "show-me-the-note" theory, as it claims that possession of the note is a prerequisite to foreclosure.

*2 ("[F]oreclosure . . . enforces a deed of trust, rather than the underlying note, and can be accomplished without judicial supervision.") (citing *Wells*, 2011 WL 2163987, at * 2). As noted, Defendant has met its summary judgment burden regarding its rights to pursue foreclosure under the Deed of Trust. The Assignments establish that it is the owner of the Deed of Trust. (doc. 18-1 at 30-37.) Ownership status of the Note has no bearing on the foreclosure of the Property under the Deed of Trust. *See Bennett*, 2012 WL 2864751, at *3. Therefore, Defendant is not required to present an original copy of the Note to succeed on summary judgment. *Id.* Because Plaintiff's "show-me-the-note" theory does not provide evidence nor identify a genuine issue of material fact on Defendant's judicial foreclosure claim, he has failed to meet his summary judgment burden on this ground.

In conclusion, Defendant has proffered uncontroverted summary judgment evidence to meet its burden to show there is no genuine issue of material fact with respect to its counterclaim for judicial foreclosure. Plaintiff has not proffered or identified any controverting evidence of record or otherwise identified a genuine issue of material fact for trial. To the extent that he premises his claims on the theory that Defendant lacked standing to foreclose because it did not acquire any interest in the Note, the claims fail, and summary judgment for Defendant is proper. *See Martins*, 2013 WL 1777487, at *2; *see also Celotex*, 477 U.S. at 322-23. Accordingly, Defendant's motion for summary judgment on its counterclaim for judicial foreclosure should be granted.

**D.**   **Request for Attorneys' Fees**

Defendant also contends it is entitled to recover its "reasonable and necessary attorneys'(sic) fees incurred in defending this suit" as allowed under the Note and the Deed of Trust. (doc. 18 at 14.)

44

### 1.    *Existence of Contract*

Texas law is applicable to the award of attorneys' fees in diversity cases like this one. *See Mathis*, 302 F.3d at 461.  Under Texas law, a party may recover attorneys' fees only when allowed by statute or contract. *1/2 Price Checks Cashed*, 344 S.W.3d at 382 (citing *Akin, Gump, Strauss, Hauer & Feld*, 299 S.W.3d at 120); *Accord Tony Gullo Motors I*, 212 S.W.3d at 310-11.  More specifically, attorneys' fees may be recovered under mortgage contracts. *See Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1040 (5th Cir. 2014) (analyzing Texas law to determine that motions for attorneys' fees provided by mortgage contracts are permissible); *Velazquez v. Countrywide Home Loans Servicing*, 660 F.3d 893, 899 (5th Cir. 2011) (recognizing the recovery of attorneys' fees under a deed of trust).

Here, the Deed of Trust expressly permits the recovery of Defendant's "reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument." (doc. 18-1 at 17.)  The Note likewise permits the note holder to recover "all of its costs and expenses in enforcing this Note . . . includ[ing], for example, reasonable attorneys' fees." (*Id.* at 6.)  Because the recovery of reasonable attorneys' fees is permitted in the relevant loan documents, it is entitled to its reasonable attorneys' fees for pursuing its foreclosure counterclaim under the Note and the Deed of Trust. *See TFHSP*, 2016 WL 2856006, at *4 (concluding that the mortgage creditor was entitled to recover its reasonable attorneys' fees when provided under the note and the deed of trust).

Defendant has satisfied its summary judgment burden that its reasonable attorneys' fees are recoverable under the Note and the Deed of Trust.  Plaintiff must therefore bring forward evidence or identify a genuine issue of material fact regarding this request.  He did not respond to Defendant's request for its attorneys' fees, so it has demonstrated that the reasonable and necessary attorneys'

it incurred in this action are recoverable under the Note and the Deed of Trust.

## 2.    *Reasonableness of Requested Fees*

Defendant contends that the amount of $5,031.00 was the reasonable and necessary attorneys' fees it incurred in this action, as are recoverable under the terms of the Note and Deed of Trust. (doc. 18 at 14.)

"Although courts should consider several factors when awarding attorney's fees, a short hand version of these considerations is that the trial court may award those fees that are 'reasonable and necessary' for the prosecution of the suit." *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991). In *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997), the Texas Supreme Court identified the following factors to determine the reasonableness of attorney's fees:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
>
> (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Id.* at 818 (citing TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04(b)). The fee applicant is not required

to present evidence on all of the factors, however. *Weaver v. Jamar*, 383 S.W.3d 805, 814 (Tex. App.–Houston [14th Dist.] 2012, no pet.).  "The trial court may also consider the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties." *Id.*

In Texas, uncontroverted attorney testimony or an affidavit testifying to the attorney's qualifications, reasonableness of the attorney's fees, and the basis for the opinion may be sufficient to support an award of attorneys' fees. *See Clary Corp. v. Smith*, 949 S.W.2d 452, 469 (Tex. App.–Fort Worth 1997, no writ) ("Where . . . trial counsel's testimony concerning attorneys' fees is clear, positive and direct, and uncontroverted, it is taken as true as a matter of law.  This is especially true where the opposing party had the means and opportunity of disproving the testimony, if it were not true, and failed to do so.").  "The court, as a trier of fact, may award attorneys' fees *as a matter of law* in such circumstances, especially when the opposing party has the means and opportunity of disproving the testimony or evidence and fails to do so." *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990) (emphasis added).

Here, Defendant supports the requested fees with an affidavit from its counsel stating the total amount of time rendered in connection with seeking a foreclosure of the Property, and the total amount due for attorneys' fees. (doc. 18-2.)  She testified that Defendant incurred the sum of $5,031.00 as its reasonable attorneys' fees "for defense of this matter and prosecution of the counterclaim to Judgment." (*Id.* at 1-2.)  Defendant's counsel explains that the billable hourly rate of the attorneys that worked on this suit was $215.00 per hour and they spent 23.4 hours on this case. (*Id.* at 2.)  The affidavit further states that based upon the affiant's knowledge and experience, the hourly rate is reasonable and consistent with rates charged by comparable firms in Texas and by

47

Defendant's counsel in similar matters. (*Id.*) Defendant's summary judgment evidence demonstrates that it is entitled to its reasonable attorneys' fees as provided under the Note and the Deed of trust, and that the sum of $5,031.00 is a reasonable amount of attorneys' fees incurred by Defendant in connection with its counterclaim for breach of contract and request for judicial foreclosure. *See Milligan v. CitiMortgage, Inc.*, No. 6:14-CV-00594, 2015 WL 11181560, at *2 (E.D. Tex. June 3, 2015) (finding that $11,990.80 was a "reasonable and necessary [amount of] attorney fees incurred by [the defendant] in connection with its counterclaim to foreclose").

Plaintiff does not address Defendant's request for attorneys' fees, and does not argue that the number of hours or average rate is unreasonable. (*See* doc. 20.) Regardless of his failure to respond to this claim, it is apparent that the rates charged by Defendant's counsel are consistent with the prevailing rates in Dallas County and within the market rate for attorneys handling this type of litigation in the Dallas area. *See TFHSP, LLC Series 10147,* 2016 WL 2856006, at *4; *see also Vanliner Ins. Co. v. DerMargosian*, No. 3:12-CV-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that a court is an expert on the reasonableness of attorneys' fees). Because Plaintiff does not provide evidence or identify a genuine issue of material fact regarding Defendant's request for attorneys' fees or the reasonableness of the amount requested, Defendant has shown it is entitled to $5,031.00 for its reasonable attorneys' fees as allowed under the Note and Deed of Trust. Accordingly, Defendant's motion for summary judgment on its requested attorneys' fees should be granted.

## VI.  RECOMMENDATION

If Plaintiff does not file an amended complaint within the 14 days allotted for objections to this recommendation, or some other deadline set by the Court, Defendant's motion to dismiss should

be **GRANTED**, and all of Plaintiff's claims against Defendant should be **DISMISSED with prejudice** for failure to state a claim.  If Plaintiff timely files an amended complaint, however, Defendant's motion to dismiss should be **DENIED as moot**, and his action should be allowed to proceed on the amended complaint.  Plaintiff's motion to dismiss should be **DENIED,** and Defendant's motion for summary judgment on its counterclaims should be **GRANTED.**

  **SO RECOMMENDED** on this 6th day of December 2018.


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE