IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KEN EASTERLING,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:16-CV-3403-L** |
| | § | |
| **U.S. BANK NATIONAL ASSOCIATION,** | § | |
| | § | |
| Defendant. | § | |

# ORDER

Before the court is Defendant U.S. Bank National Association's Motion to Dismiss and Motion for Summary Judgment (Doc. 17), filed May 29, 2018, in which Defendant seeks dismissal of Plaintiff's request for declaratory relief and claim under the Texas Debt Collection Practices Act ("TDCPA"), as well as summary judgment on its own breach of contract counterclaim and requests for judicial foreclosure and attorney's fees totaling $5,031.[1] Also before the court is Plaintiff's Amended Motion to Correct (Doc. 31), filed September 4, 2018, in which Plaintiff seeks dismissal of all claims or request for relief by Defendant. On December 6, 2018, United States Magistrate Judge Irma Carrillo Ramirez entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 36), recommending that the court: (1) grant Defendant U.S. Bank National Association's Motion to Dismiss with respect to Plaintiff's TDCPA claim and request for declaratory relief but allow Plaintiff to amend his pleadings as to his TDCPA claim; (2) grant

---

[1] The magistrate judge notes that Defendant's claim for breach of the Note and Deed of Trust is actually subsumed in its request to judicially foreclose on the property in question and request for attorney's fees as allowed under the Note and Deed of Trust, as Defendant contends that Plaintiff's contractual breach (failure to make required monthly mortgage payments) gives rise to its claim for judicial foreclosure under Texas law. The magistrate judge also notes that Plaintiff sought and obtained a temporary restraining order ("TRO") to enjoin the foreclosure sale of the property at issue. The Report does not address the efficacy or viability of the TRO, however, as the issue was not expressly raised by Defendant.

Order – Page 1

Defendant's Motion for Summary Judgment with respect to its breach of contract counterclaim and requests for judicial foreclosure and attorney's fees totaling $5,031; and (3) deny Plaintiff's Amended Motion to Correct (Doc. 31).

On December 27, 2018, Plaintiff filed objections to the Report ("Verified Objection to Order to Dismiss") and attaches a number of documents as exhibits.[2] In his objections, Plaintiff contends that he was denied due process as a result of his attorney's refusal to further represent him in this action. The motion to withdraw as counsel filed by Plaintiff's attorney on June 21, 2018, however, indicates that Plaintiff was unopposed to the motion, and counsel and Plaintiff mutually agreed to the attorney's withdrawal as Plaintiff's counsel. The motion also indicates that withdrawal was warranted and counsel was unable to further represent Plaintiff because of lack of communication and cooperation on Plaintiff's part; Plaintiff's pro se filing without counsel's knowledge of a 164-page affidavit by a third party in response to Defendant's summary judgment motion; and Plaintiff's filing without counsel knowledge of a bankruptcy proceeding on June 4, 2018. Plaintiff did not object before or after his attorney was allowed to withdraw as counsel; nor did he dispute counsel's stated grounds for withdrawing. Moreover, Plaintiff never sought appointment of counsel or an extension to retain substitute counsel prior to resolution of Defendant's dispositive motions, and

---

[2] On January 4, 2019, Plaintiff also filed a "Notice of Errata" regarding a related small claims case filed by him in state court against Defendant on August 24, 2018, that was removed to federal court on September 24, 2018, and assigned to Senior United States District Judge Sam R. Cummings. *See* Civil Action No. 3:18-CV-2528-C-BH. The court does not consider the January 4, 2019 Notice of Errata or any filings in the related action in ruling on the pending motions or Plaintiff's objections in this case, as Plaintiff's objections to the Report were due on December 27, 2018, as a result of the extension to the objection deadline granted by the magistrate judge. Additionally, while related, the case assigned to Judge Cummings and the matters filed in that case are not before this court, as the related case has not been transferred to the undersigned, and there has been no request to transfer the related action or consolidate it with this earlier-filed action, which was originally filed by Plaintiff in state court on September 1, 2016.

**Order – Page 2**

there is no absolute right to the appointment of counsel in civil actions. *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Accordingly, the withdrawal of Plaintiff's counsel is not a valid basis under the circumstances for objecting to the Report.

Plaintiff also contends, based on the documents attached to his objections, that Defendant was timely served with a "Notice and Demand" four times from the beginning of the foreclosure proceedings but defaulted by failing to respond or rebut the matters in the notices and demands. Plaintiff contends that, under "Code Civ. Proc. § 2704" and "UCC 3-603(1)," "[a] tender of the proper amount due, even if rejected, extinguishes the lien and precludes foreclosure" under California law. Plaintiff also asserts that Defendant failed to comply with Federal Rule of Civil Procedure 26(a) and never filed a verified answer to the summons and complaint in this case. Based on a 1964 District of Pennsylvania case, Plaintiff also asserts that statements of counsel are not evidence and insufficient to support a motion to dismiss or motion for summary judgment. In addition, Plaintiff contends that there is no evidence that he injured Defendant, whereas he has demonstrated violations of the "Fair Debt Collection Practices Act (FDCPA), Financial Accounting Standards (FAS 140), Truth in Lending Act (TILA), and the Uniform Commercial Code ["UCC"]." Pl.'s Obj. 5. Finally, Plaintiff makes a legal argument regarding actual possession of the note under the UCC that is akin to the "show me the note" theory addressed in the magistrate judge's Report, which has been rejected by court's in this circuit.

Plaintiff's objections include numerous citations to legal authority but do not explain why the legal authority relied on by Plaintiff is applicable to the parties' claims or the magistrate judge's proposed resolution of the parties' motions. Regardless, the court determines that none of the

objections or arguments by Plaintiff affects the validity of the magistrate judge's factual findings or legal conclusions with respect to Plaintiff's motion or Defendant's motions for dismissal and summary judgment. Moreover, Plaintiff's unsworn pleadings do not include claims for alleged violations of the FDCPA, FAS, TILA, or UCC; Plaintiff never sought leave after the removal of this case to federal court to amend his pleadings to add these or any other claims; and the magistrate judge only recommended dismissal of Plaintiff's debt collection claim under Texas law if he failed to amend his pleadings within the time to file objections or another deadline set by this court.

Accordingly, having reviewed the motions, briefs, file, record in this case, pleadings, summary judgment evidence, the thorough and detailed Report addressing the parties' claims and motions, and having conducting a de novo review of that portion of the Report to which objection was made by Plaintiff, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court, therefore, **concludes** that Plaintiff has failed to state claims upon which relief can be granted against Defendant and dismissal of Plaintiff's TDCPA claim and request for declaratory relief is appropriate under Federal Rule of Civil Procedure 12(b)(6). The court further **concludes**, for the reasons set forth in the Report, that Plaintiff has pleaded his "best case" with respect to his request for declaratory relief and that further attempts to amend with respect to this claim for relief would be futile and unnecessarily delay the resolution of this case. As a result, the court will not allow Plaintiff an opportunity to amend his pleadings with respect to his request for declaratory relief. *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). For the reasons stated by the magistrate judge, however, the court will allow Plaintiff to amend his pleadings with respect to his TDCPA claim because it is unclear at this juncture whether he can cure the deficiencies regarding this claim.

If Plaintiff wishes to pursue his TDCPA claim, he must file an amended complaint by **January 23, 2019**, that cures the deficiencies noted by the magistrate judge with respect to his TDCPA claim. Any amended complaint **shall** be limited to Plaintiff's TDCPA claim. *Given the length of time this case has been pending since December 9, 2016, the court will not, absent good cause shown, grant Plaintiff leave to amend his pleadings to add any new claims at this late juncture. If Plaintiff fails to file an amended complaint as ordered, his TDCPA claim will be dismissed with prejudice under Rule 12(b)(6) for the reasons set forth in the Report. Further, if Plaintiff's amended complaint includes claims other than his TDCPA claim or allegations regarding claims other than his TDCPA claim in violation of this order, the noncompliant portions of the amended complaint or the entire amended complaint will be stricken without further notice.*

For the reasons explained, Plaintiff's objections to the Report are **overruled**; Defendant U.S. Bank National Association's Motion to Dismiss (Doc. 17) with respect to Plaintiff's request for declaratory relief is **granted,** and this claim is **dismissed with prejudice** under Federal Rule of Civil Procedure 12(b)(6); Defendant U.S. Bank National Association's Motion to Dismiss (Doc. 17) with respect to Plaintiff's TDCPA claim is **denied without prejudice**; and Defendant U.S. Bank National Association's Motion for Summary Judgment (Doc. 17) with respect to its breach of contract claim and requests for judicial foreclosure and attorney's fees is **granted**. Defendant is, therefore, entitled to enforce the Note and Deed of Trust to judicially foreclose on the property in question and is awarded reasonable attorney's fees totaling **$5,031**. Accordingly, Defendant may proceed with the judicial foreclosure of the property located at 1233 High Bluff Drive, Desoto, Texas 75115, which is more particularly described as "BEING LOT 10, BLOCK A OF CHURCHILL ESTATES, PHASE I, AN ADDITION TO THE CITY OF DESOTO, DALLAS COUNTY, TEXAS,

ACCORDING TO THE MAP THEREOF RECORDED IN VOLUME 2001088, PAGE 86 OF THE MAP RECORDS OF DALLAS COUNTY, TEXAS." Doc. 18-1 at 11. It is further **ordered** that the foreclosure **shall** proceed in accordance with the Note, Deed of Trust, the Texas Property Code, and applicable Texas law.

*Only Plaintiff's claim under the TDCPA remains in this case as result of the court's rulings on the parties' motions; however, this claim is subject to dismissal with prejudice under Rule 12(b)(6) for failure to state a claim upon which relief can be granted if Plaintiff fails to amend his pleadings as to this claim as ordered by the court.[3]* Pursuant to Federal Rule of Civil Procedure 54(b), the court expressly determines that there is no just reason to delay the entry of judgment as to Plaintiff's request for declaratory judgment or Defendant's counterclaims for breach of contract and request for judicial foreclosure, and **directs** the clerk of the court to enter a final judgment as to these claims in favor of Defendant.

**It is so ordered** this 10th day of January, 2019.

Sam A. Lindsay
United States District Judge

---

[3] Also remaining is Plaintiff's request for injunctive relief, which, as noted, was not raised in Defendant's motions or addressed in the Report. The court has dismissed with prejudice Plaintiff's request for declaratory relief regarding Defendant's right to foreclose on the property. It also granted Defendant's motion with respect to its contract claim and request for judicial foreclosure. These rulings effectively moot and preclude the injunctive relief sought by Plaintiff to prevent the foreclosure sale of the property at issue. Plaintiff's request for injunctive relief is, therefore, **denied as moot**.